IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMIKA L. JONES,

    Plaintiff,

vs.                                                    No.   3:15-cv-65-DRH-DGW

BAYER HEALTHCARE
PHARMACEUTICALS INC.,

    Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion to dismiss plaintiff's amended complaint for failure to state a claim upon which relief can be granted (Doc. 10). Bayer contends the plaintiff's claims are time-barred pursuant to Illinois' two-year statute of limitations for personal injury actions. The plaintiff, who is proceeding *pro se*, filed a response (Doc. 13). For the following reasons, Bayer's motion is **GRANTED.**

In the instant case, it is evident that plaintiff's claims must be dismissed on statute of limitations grounds. Although "a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582–83 (7th Cir. 2011). A plaintiff can effectively "plead[ ] himself out of court by alleging facts sufficient to

establish the complaint's tardiness." *Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674–75 (7th Cir. 2009). Where, as here, the relevant dates of the events giving rise to the claims are clearly set out in the allegations in the complaint, dismissal based on the statute of limitations is appropriate. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate here to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint.").

Plaintiff, who is an Illinois resident, alleges that her Mirena was placed on January 10, 2010 (Doc. 8). Plaintiff claims that on April 24, 2010, she "went into the emergency room" and told the doctors that "the Mirena ha[d] fallen out" and she could not "stop bleeding." (Doc. 8). Plaintiff alleges that she had "large bloodclots falling out of" her (Doc. 8). Plaintiff claims that she had "an emergency hysterectomy" and "needed a blood transfusion." (Doc. 8). Plaintiff further alleges that she had gastroesophageal reflux disease and also had an allergic reaction. (Doc. 8).

In the instant case, Illinois' two-year statute of limitations for personal injury claims is applicable.[1] The Complaint asserts that plaintiff presented to the emergency room on April 24, 2010 and told the doctors that her Mirena had

---

[1] A district court sitting in diversity must apply the choice of law principles from the forum state to determine which state's law governs. *West Bend Mut. Ins. Co. v. Arbor Homes LLC*, 703 F.3d 1092, 1095 (7th Cir. 2013). The Court must therefore apply Illinois choice of law rules to determine the governing statute of limitations. In Illinois, statutes of limitation are procedural, and thus the Illinois statute of limitations applies to all claims unless the Illinois borrowing statute is triggered. *See Newell Co. v. Petersen*, 325 Ill.App.3d 661, 668–69, 758 N.E.2d 903, 908 (2001). The statute of limitations in Illinois for personal injury claims is two years. 735 ILL. COMP. STAT. 5/13-202; *see also* 735 ILL. COMP. STAT. 5/13-213(d).

expelled, which caused her to start bleeding (Doc. 8). Plaintiff admits to knowing about these alleged injuries by April 24, 2010, when she presented to the emergency room (Doc. 8). Thus, Plaintiff knew about the alleged injury and its alleged cause before December 13, 2011 – two years before Plaintiff filed suit on December 13, 2013.

Accordingly, allegations of the complaint reveal that relief is barred by the applicable statute of limitations. The Court has no choice but to dismiss the plaintiff's complaint in its entirety with prejudice. The Court, therefore, ORDERS as follows:

Bayer's motion to **DISMISS** is **GRANTED**. The complaint is **DISMISSED** in its entirety **WITH PREJUDICE**. The Court **DIRECTS** the Clerk of the Court to enter **JUDGMENT** reflecting the same.

**IT IS SO ORDERED.**

Signed this 4th day of May, 2015.

Digitally signed by David R. Herndon
Date: 2015.05.04 15:55:20 -05'00'

**United States District Court**